UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE: VIRGINIA OBASI                          CASE NO. 10-10494 MG
   ssn: \*\*\*-\*\*-5660

                   Debtor.

---

**TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:**


**OBJECTION TO PROOF OF CLAIM #2 FILED BY DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF SOUNDVIEW HOME LOAN TRUST 2005-OPT3, ASSET-BACKED CERTIFICATES, SERIES 2005-OPT3**

Debtor, Virginia Obasi ("Debtor"), by her attorney, David B. Shaev, Esq. of Shaev & Fleischman, LLP, as and for her objection to Proof of Claim #2, filed by Deutsche Bank National Trust Company, as Trustee for the Certificateholders of Soundview Home Loan Trust 2005-OPT3, ("Deutsche Bank"), states as follows:

**PRELIMINARY STATEMENT**

1. The Debtor commenced this action by the filing of a Chapter 13 Petition on January 29, 2010.

2. Debtor is owner of home located at 1255 Harrod Ave, Bronx, NY 10472.

3. Debtor's chapter 13 Plan calls for retention of this home.

4. Schedule D of Debtor's petition, lists American Home Mortgage Services as a secured creditor on this home. This debt is listed as disputed.

5. Proof of Claim #2, a copy of which is annexed hereto as Exh. "A" alleges Deutsche Bank as the secured creditor on the premises.

6. It is apparent from claim #2, that Option One Mortgage Corporation ("Option 1") is the originator.

## FACTUAL ALLEGATIONS

7. Proof of Claim #2 consists of the following:
    a. Official Form 10, signed by Lawrence J. Buckley, alleged as "Creditor's Authorized Agent;"
    b. A 1 page EXHIBIT A, which consists of an Itemization of Claim and states that Deutsche Bank, as Trustee is the secured creditor;
    c. Adjustable Rate Note naming Option One Mortgage Corporation as Lender and Debtor as Borrower;
    d. A NYC Department of Finance Recording page, listing Option One Mortgage Corporation as Mortgagee/Lender;
    e. A Mortgage dated June 10, 2005, listing Option One Mortgage Corporation as Lender with Debtor as Borrower;
    f. An Adjustable Rate Rider listing Option One Mortgage Corporation as Lender and Debtor as Borrower with Rider; and
    g. An LPS generated document labeled "LPS desktop-Invoice Management-Invoice Detail."

8. On May 7, 2010, the undersigned sent a letter to the creditor listed on the Proof of Claim demanding proof that it has authority to file the

proof of claim and demanding documentation that it has standing in this case. In addition, a Qualified Written Request ("QWR") under RESPA was served. Copies of the demand letter and QWR are annexed hereto as Exh. "B."

9. To date, no response has been received to the demand letter or QWR.

**ARGUMENT: DEUTSCHE BANK DID NOT HAVE STANDING TO FILE PROOF OF CLAIM #2**

10. The originator of the mortgage loan at issue is Option One Mortgage Corporation ("Option One").

11. There is no documentation provided in Proof of Claim #2 proving a complete chain of title from Option One to Deutsche Bank.

12. The creditor must prove that it is the rightful owner and holder of both the Note and the Mortgage and has failed to meet this burden.

13. There was no writing filed with the Proof of Claim demonstrating Deutsche bank's interest on the property securing such claim in violation of B.R. 3001(c).

14. The Proof of Claim is signed by "Lawrence J. Buckley, as Creditor's Authorized agent" without providing any supporting documentation to suggest his authorization to do so, in violation of B.R. 3001(b) and the plain language instructions as printed on Official Form 10.

15. The Note attached to the Proof of Claim names Option One Mortgage Corporation as Lender and there is no endorsement at the end of the Note. Therefore, it appears from the document annexed to

the Proof of Claim that Option One Mortgage Corporation, if any entity, has the contract with Debtor to re-pay her loan.

16. The Mortgage attached to the Proof of Claim, represents an alleged lien on Debtor's property and, again, is in the name of Option One Mortgage Corporation. It may well have created a lien on the property as collateral for a debt (the "Note"), but does not in and of itself create a debt. A Mortgage is transferred by assignment and there is no assignment attached to the Proof of Claim

**ARGUMENT: DEUTSCHE BANK AS TRUSTEE OF SECURITIZED TRUST**

17. Deutsche Bank alleges that it is the Trustee for the Certificateholders of Soundview Home Loan Trust 2005-OPT3, Asset-Backed Certificates, Series 2005-OPT3. However, Deutsche Bank failed to attach to the Proof of Claim any documentation whatsoever proving that Deutsche Bank became the Trustee in accordance with the terms of the Trust.

18. The Trust contains any and all beneficial rights, liabilities and conveyance rules concerning Debtor's mortgage and is subject to the terms of the Pooling and Service Agreement ("PSA").

19. To establish standing, the creditor needs to provide proof of all of the transfers and receipts from origination to the party alleging to be the creditor in this action, including the full contents of the Master Custodian File held by the Master Custodian of the Trust.

20. A federal court cannot have jurisdiction unless a party has constitutional standing. To have standing, the creditor must show that it is the beneficiary of the Note, that the Note has been properly

transferred with the Mortgage, or that appropriate agency authority has been issued from a party with the power to do so. The creditor in this case has failed to prove any of the above.

21. And, if the creditor filing the proof of claim is not the real party in interest, it must join the real party in interest pursuant to Federal Rules of Civil Procedure 19.

## ARGUMENT: ACCOUNTING

22. A review of EXHIBIT A annexed to the Proof of Claim, states that there is an Attorney's Fee Expense of $1,825.00. However, the LPS Invoice annexed states under Attorney's Fees, only $75.00 for "Document Review." Apparently, the attorneys fees requested were for services rendered by non-attorneys, but charged in the Proof of Claim as legal fees.

23. Based upon the discrepancy in Exhibit A and the statement set forth in the LPS Invoice, creditor should account for and prove any and all charges related to the Proof of Claim filed with this Court.

WHEREFORE, Debtor respectfully prays of the Court as follows:

A. That Proof of Claim #2 be expunged/disallowed;

B. That the creditor account for any and all expenses and fees alleged in the Proof of Claim;

C. That Debtor have and recover against Deutsche Bank all reasonable legal fees and expenses incurred by her attorney; and

D. For such other and further relief as this Court may deem just and proper.

DATED: May 10, 2010
New York, NY

DAVID B. SHAEV (dbs6994)
Shaev & Fleischman, LLP
Attorney for Debtor
350 Fifth Avenue, Suite 7210
New York, New York 10118